**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1994**

_____

HAROLD H. HODGE, JR.,

Plaintiff - Appellant,

v.

DOUGLAS F. GANSLER, Attorney General, Maryland Department
of State Police; CHRISTOPHER ESNES; LT. RANDY L. STEPHENS;
STATE OF MARYLAND; CALVERT COUNTY, (local government).

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander  Williams,  Jr.,  District
Judge.  (8:13-cv-01949-AW)

_____

Submitted:  November 21, 2013      Decided:  November 25, 2013

_____

Before KING, DUNCAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Harold H. Hodge, Jr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold H. Hodge, Jr., appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) civil rights action under 28 U.S.C. § 1915(e)(2)(B) (2006) for failure to state a claim on which relief could be granted, confining his appeal to the district court's dismissal of his claim against Defendant Christopher Esnes for racial profiling[1] in connection with a traffic stop. We affirm.[2]

We review de novo the district court's dismissal of a claim for failure to state a claim on which relief may be granted. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005). Although a pro se litigant's pleadings are to be construed liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), his complaint must contain factual allegations sufficient "to raise a right to relief above the speculative

---

[1] Although there exists no federal claim for "racial profiling," in adherence to our obligation of construing the filings of a pro se party liberally, Gordon, 574 F.2d at 1151, we construe Hodge's claim as one for a violation of the Equal Protection Clause of the Fourteenth Amendment.

[2] In his informal appellate brief, Hodge does not present any specific arguments challenging as error the district court's dismissal of his complaint as to his remaining claims and the remaining Defendants. Accordingly, Hodge has forfeited appellate review of these issues. 4th Cir. R. 34(b); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009); Williams v. Giant Food Inc., 370 F.3d 423, 430 n.4 (4th Cir. 2004).

level" and that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege facts sufficient to show that he has been treated differently from others with whom he is similarly situated and the unequal treatment resulted from intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Hodge's complaint, however, does not articulate facts demonstrating that a racially discriminatory intent or purpose was a factor in Esnes' decisions to stop his vehicle, to issue a citation for his failure to possess a valid change-of-address card, or to issue a warning ticket for his failure to yield the right-of-way. Accordingly, as Hodge did not state a plausible claim under § 1983 for an equal protection violation, we affirm the district court's order. Hodge v. Gansler, No. 8:13-cv-01949-AW (D. Md. July 18, 2013).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>